# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAREN HILL, | ) |
| Movant, | ) |
| v. | ) No. 4:16CV913 HEA |
| UNITED STATES OF AMERICA, | ) |
| Respondent, | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of Daren Hill to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion will be denied and dismissed.

## Procedural Background

On June 25, 2004, movant pled guilty to Count I of a two-count Indictment. Count I charged movant with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing on December 14, 2004, movant was deemed an Armed Career Criminal pursuant to 18 U.S.C. § 924(e)(1) pursuant to three prior convictions for serious drug offenses, and he was sentenced to 200 months' imprisonment, such term to be followed by a five-year term of supervised release. *See United States v. Hill*, 4:04CR175 HEA (E.D.Mo.). In addition, the defendant was ordered to pay a special assessment of $100. Count 2 of the Indictment, which charged movant with Possession of Cocaine Base (Crack), was dismissed at the time of sentencing. *Id.*

Movant appealed his sentence to the Eighth Circuit Court of Appeals, arguing that the Court erred in sentencing him as an Armed Career Criminal because he did not admit, nor did a jury determine beyond a reasonable doubt, that his prior convictions were violent felonies or

serious drug offenses. On January 26, 2006, the Court of Appeals affirmed his sentence. *See United States v. Hill*, No. 04-4180 (8th Cir. January 25, 2006).[1]

On June 20, 2016, movant filed the present motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. In his motion to vacate, movant asserts that he is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015).

**Factual Background of Movant's State Court Prior Convictions**

It is undisputed that on May 6, 1991, movant was convicted in St. Clair County, Illinois, for unlawful delivery of a controlled substance. *See State of Illinois v. Hill*, Docket No. 91-CF-336. It is also undisputed that on April 12, 1999, movant was convicted in St. Louis, Missouri, of the sale of a controlled substance. *See State of Missouri v. Hill*, Docket No. 981-2941B. And it is also undisputed that on August 25, 1995, movant was convicted in St. Louis, Missouri, of the sale of a controlled substance. *See State of Missouri v. Hill*, Docket No. 941-4151A. These drug convictions qualify as serious drug offenses as defined in 18 U.S.C. § 924(e)(2)(A)(ii), in that the offenses involve the manufacture, distribution or possession with intent to manufacture or distribute a controlled substance for which the maximum term of imprisonment of ten years or more is prescribed by law.

It is also undisputed that on July 19, 1985, the defendant was convicted in St. Clair, Illinois, of attempted armed robbery. *See State of Illinois v. Hill*, Docket No. 84-CF-922. According to the state-court Indictment, while armed with a gun, movant pointed the gun at a woman, demanded the woman give movant her purse and attempted to take the purse from her person by the use of force. This qualifies as a violent felony under 18 U.S.C. § 924(e) as it has

---

[1] The Eighth Circuit held that the characterization of prior convictions is a legal question outside the purview of the Sixth Amendment. *See United States v. Turnbough*, 425 F.3d 1112, 1114 (8th Cir. 2005); *United States v. Marcussen*, 403 F.3d 982, 984 (8th Cir. 2005).

an element, the use, attempted use or threatened use of physical force against the person of another.

## Legal Standard

A prisoner may move for post-conviction relief under 28 U.S.C. § 2255 for "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Specifically, § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

## Discussion

Movant argues that he is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the "residual clause" om the definition of "violent felony" in the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. The Supreme Court has since determined that Johnson announced a new substantive rule of constitutional law that applies retroactively on collateral review in cases involving ACCA-enhanced sentences. *See United States v. Welch*, 136 S.Ct. 1257 (2016).

The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony." *Johnson*, however, applies only to the residual clause of the ACCA. It has no bearing on the part of the statute which states a defendant is an Armed Career Criminal if he has three

prior convictions for serious drug offenses. As noted above, and by the Resentencing Investigation Report, movant has three prior convictions for "serious drug offenses" as defined under 18 U.S.C. § 924(e)(2)(A)(ii). Additionally, movant also has a prior offense of attempted robbery, that qualifies as a violent felony under 18 U.S.C. § 924(e). Thus, movant remains an Armed Career Criminal, and he does not have a colorable claim for relief under *Johnson*. Therefore, his motion to vacate his sentence must be denied.

Finally, movant has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability.

Dated this 4th day of January, 2017

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE